UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexis Centeno, #14146-055, ) | C/A No. 4:16-1482-BHH-TER |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Mr. J. Meeks, Warden; Mrs. Simmons, Assistance) | |
| Warden; Mr. Ray Burn, Capetian; Mrs. Urrea, HSA;) | |
| Mr. Whitehurst, AHSA; Dr. Luranth, Medical Director;) | |
| Dr. Massa, Medical Doctor, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Alexis Centeno, a federal prisoner proceeding *pro se*, filed this *Bivens*[1] action on May 6, 2016. Plaintiff is currently housed at FCI Williamsburg. Defendants filed a motion to dismiss on September 27, 2016. Because Plaintiff is proceeding pro se, the court issued an order on or about September 30, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the Defendants' motion to dismiss and the possible consequences if he failed to respond adequately for summary judgment. Plaintiff has failed to file a response.

## **RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion to dismiss. Plaintiff has not responded to Defendants' motion to dismiss or the court's order requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

                          s/Thomas E. Rogers, III  
                          Thomas E. Rogers, III  
                          United States Magistrate Judge

November <u>16</u>, 2016  
Florence, South Carolina