UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexis Centeno, #14146-055, | ) C/A No. 4:16-1482-BHH-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Mr. J. Meeks, Warden; Mrs. Simmons, Assistance Warden; Mr. Ray Burn, Capetian; Mrs. Urrea, HSA; Mr. Whitehurst, AHSA; Dr. Luranth, Medical Director; Dr. Massa, Medical Doctor, | ) |
| Defendants. | ) |

Plaintiff Alexis Centeno, a federal prisoner proceeding *pro se*, filed this *Bivens*[1] action on May 6, 2016. Plaintiff is currently housed at FCI Williamsburg. Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) on September 27, 2016.[2] Because Plaintiff is proceeding pro se, he was advised on or about September 30, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for a Motion to Dismiss and the possible consequences if he failed to respond adequately. (Doc. #27). Plaintiff failed to file a response. A report and recommendation was entered recommending that the action be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. #30). The District Judge adopted the report and recommendation

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

dismissing the case by Order on December 9, 2016. However, Plaintiff filed a Motion for Reconsideration on January 6, 2017, and the court vacated the previous Order, reinstated the matter, and referred the matter back to the undersigned. (Docs. #35 and #36).[3]

As both parties submitted evidence outside of the pleadings, the Motion to Dismiss is converted to a Motion for Summary Judgment. An order was issued on January 18, 2017, giving the parties notice that the Motion to Dismiss was being converted to a Motion for Summary Judgment giving Defendants an additional five days from the date of the order to make any additional submissions in accordance with Rule 56 of the Federal Rules of Civil Procedure. This court issued another order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the possible consequences if he failed to respond adequately to the Defendants' Motion for Summary Judgment and make submissions in accordance with Rule 56 of the Federal Rules of Civil Procedure. (Doc. #41). On January 23, 2017, Defendants filed a supplement to their motion attaching two additional declarations. (Doc. #48). Plaintiff filed a response on February 6, 2017. (Doc.#50).

## **DISCUSSION**

---

[3] The district judge gave Plaintiff until February 6, 2017, to file a response to Defendants' motion. However, as the undersigned deemed it appropriate to convert the motion to dismiss to a motion for summary judgment, the parties were given notice and an opportunity to respond pursuant to Rule 56 of the Federal Rules of Civil Procedure. Therefore, a new Roseboro order was issued giving Plaintiff until February 24, 2017, to file a response or his case may be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48

(1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ANALYSIS

### Jurisdiction

Defendants argue that this court lacks jurisdiction over them in their official capacity asserting that as this action is construed under Bivens, it is a suit against a federal agency or federal official which is actually a suit against the United States. Defendants assert that the

4

United States is shielded by the doctrine of sovereign immunity which it has not waived.

Federal courts have power under 28 U.S.C. § 1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); see Radin v. United States, 699 F.2d 681, 684 (4th Cir.1983) (Bivens recognized an action against federal officers sued in individual capacities, but not against the United States). Plaintiff's Bivens action cannot lie against the United States nor against the individual defendants in their official capacities. See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (the United States cannot be sued without its express consent.). Thus, to the extent Defendants are being sued under Bivens in their official capacities, the claims are barred by the doctrine of sovereign immunity.[4]

**BIVENS EXHAUSTION**

Defendants pleaded the affirmative defense of failure to exhaust remedies and submitted the declaration of Amy J. Williams in support of their position. Williams declares that she is employed as a Legal Assistant for the United States Department of Justice, Federal Bureau of Prisons (BOP) and has been assigned to the South Carolina Consolidated Legal Center since March 17, 1997.(Williams' declaration). Included in her ordinary course of

---

[4] Sovereign immunity does not bar damage actions against federal officials in their individual capacities for violation of an individual's constitutional rights. Gilbert v. Da Grossa, 756 F.2d 1455, 1459 (citing Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846(1979). Thus, to the extent Defendants are being sued in their individual capacities under Bivens, Plaintiff's claims are not barred by the doctrine of sovereign immunity

official duties, Williams provides legal assistance to staff at the four federal prisons located within the state of South Carolina having access to BOP records, and official databases concerning, among other things, inmate administrative remedies and location information. Id. Inmates may challenge any aspect of their confinement through the Administrative Remedy Process. Id. The inmate generally files an Informal Request with their Correctional Counselor. Id. The matter is investigated and the inmate is provided with a response. Id. If dissatisfied with the response, the inmate may file a formal request for Administrative Remedy with the Warden. Id. If the inmate is dissatisfied with the Warden's response, he may file at the regional level. If dissatisfied with the regional response, he may file at the national level. Id. There are specific time periods within which inmates can file their grievance under the administrative process. See 28 C.F.R. 542.14(a). Id. If the inmate does not receive a response from the Warden, Regional Director, or the Central Office within the allotted time frame, the inmate can consider the remedy or appeal as denied and proceed to the next level. Id. All formal requests are logged into the national database and are given a unique identifying number. Id.

Williams declares that Plaintiff has not exhausted the Administrative Remedy process established by the BOP on any of the allegations set forth in his complaint. Id.[5] Specifically, Plaintiff has not filed any administrative remedies related to the issues in his complaint. Id. Plaintiff had more than ample time to exhaust his administrative remedies on the issues set

---

[5] Williams attached a copy of the Administrative Remedy Generalized Retrieval sheet as Attachment A. (Doc. #26-3). Additionally, Defendants submitted a copy of the Public Information Inmate Data sheet and Inmate History as Exhibits #1 and #2. (Doc. # 26-1 and #26-2).

forth in his complaint. Id.

In his complaint, Plaintiff addresses this issue indicating that there was a grievance procedure but that he did not file a grievance because "I file a tort claim frist (sic). In tort claim Its not require we have to file a grievance concerning what we filing a tort claim for." (Doc. #1 at 2). Defendants argue that the exhaustion requirements concerning a Bivens action and a Federal Tort Claims Action (FTCA) vastly differ and that exhaustion of an FTCA claim does not exhaust the requirements under a Bivens claim which must be exhausted prior to filing suit.

Based on a review of the filings in this case, Plaintiff has failed to properly exhaust his administrative remedies with regards to his Bivens action. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (doc. #26) be granted as to the Bivens action for failure to exhaust administrative remedies.

**ABSOLUTE IMMUNITY/PHS**

Additionally, Defendants argue that at all times relevant to the litigation, Defendants Urrea and Whitehurst were officials of the United States Public Health Service (PHS) and are entitled to absolute immunity barring this Bivens action against them. Along with Defendants supplemental filing, they submitted the declarations of Gloria Urrea[6] and Daniel Whitehurst who declare that they were employed with the PHS stationed at the FCI

---

[6] Gloria Urrea declares that she was not present at FCI Williamsburg on the date of the alleged incident, February 14, 2015, or at any time after February 13, 2015, and did not participate in any medical care of Plaintiff after the alleged assault. (Doc. #48-1).

Williamsburg during the time period referenced in this action. Therefore, Defendants assert that Defendants Urrea and Whitehurst should be dismissed as they are entitled to absolute immunity.

In Hui v. Castaneda, 559 U.S. 799 (2010), the Supreme Court held that 28 U.S.C. §233(a) precludes a Bivens action against PHS personnel for constitutional violations arising out of their official duties. Id., 802. "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." Id. at 806. The plain text of § 233(a) precludes a Bivens action. Id. at 811. As such, Defendants Urrea and Whitehurst are entitled to dismissal.

**FTCA**

Plaintiff indicated that he is filing this action under Bivens and the FTCA. Defendants have asserted that Plaintiff has not pleaded a claim under the FTCA and that each listed claim in the complaint states that the Defendants were deliberately indifferent to a substantial risk of assault, to his serious medical needs, and to a lack of medical treatment in disciplinary segregation. Defendants argue that while Plaintiff indicated in response to the court's special interrogatories that he was filing this action under the FTCA, he did not amend his complaint to include negligence claims that would be cognizable under the FTCA. Defendants replied that Plaintiff did file an administrative tort claim that was considered for administrative settlement under the FTCA, but it was denied as the tort claim only made conclusory

8

allegations that "the employees of the institution at FCI Williamsburg acts and omissions cause Centeno to become a victim of an assault that resulted in 1rst and 2nd. (sic) degree burns, lacerations and the loss of a finger." Therefore, Defendants contend they did not address any "purported" claims in its motion but stated that "if, however, the Court concludes that an FTCA claim has been asserted, Defendants would respectfully reserve the right to supplement their previous filings with a Certification under the Westfall Act and file any relevant dispositive motions." (Doc. #56 at 2). Additionally, Defendants argue that inferring an FTCA claim for Plaintiff's complaint would be futile because Plaintiff has not pleaded the elements of a negligence cause of action under the law of the State of South Carolina so that any FTCA claim construed from his complaint would be dismissed under Rule 12(b)(6). Further, Defendants assert that should any FTCA claim be inferred that relates to Plaintiff's medical care, such claim should be dismissed due to Plaintiff's failure to comply with South Carolina law with regard to filing medical negligence claims.

Unlike a Bivens action, which lies against the individual officers in their individual capacities only, an action under the FTCA is pursued against Defendant United States, not individual federal employees, so long as the employee was acting within the scope of employment. See, e.g., 28 U.S.C. §§ 2671, 2679(a), (b) (1) (providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment); Sheridan v. Reidell, 465 F.Supp.2d 528, 531 (D.S.C.2006). The Federal Employees Liability Reform and Tort Compensation Act of 1988, also known as the Westfall Act, affords federal

9

employees absolute immunity from common-law tort claims arising out of acts they undertake in the scope of their office or employment. See 28 U.S.C. § 2679(b)(1). Therefore, when a federal employee is sued for a wrongful or negligent act, the Westfall Act "empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 419–20, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) (quoting 28 U.S.C. § 2679(d)(1)). After the Attorney General's certification, the named defendant employee is dismissed from the action and the United States is substituted as the defendant in place of the employee. See Osborn v. Haley, 549 U.S. at 229–30, 127 S.Ct. 881. The case is then governed by the Federal Tort Claims Act. Id. at 230, 127 S.Ct. 881.

Here, Plaintiff responded to the court's special interrogatories that he was bringing this action pursuant to Bivens and an action for damages under the FTCA. Further, it has been confirmed by the parties that Plaintiff filed an administrative tort claim that was considered for administrative settlement under the FTCA before filing this action. In his complaint, Plaintiff states that he previously filed a tort claim for injury due to "staff negligence" and "I suffered physical injuries from an assault and negligence of staff causing me to lossing [sic] my finger." (Doc. #1 at 2). This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A liberal reading of the *pro se* complaint as required, reveals Plaintiff attempts to raise negligence claims against the prison staff. The United States has not been named as a party defendant and no certification or

petition has been filed in this case.[7] However, Defendants requested the right to supplement with a Certification and file any relevant dispositive motions if the court construed Plaintiff's complaint as alleging an action under the FTCA. Therefore, it is recommended that the Defendants be given a certain time period in which to supplement with Certification and file dispositive motions with regard to any FTCA claim.

**CONCLUSION**

For the reasoning set forth above, it is recommended that Defendants' Motion for Summary Judgment (doc. #26) be granted with respect to the Bivens claim. It is further recommended that Defendants be given a time period to supplement with Certification and file dispositive motions with regard to any FTCA claim.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 28, 2017
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[7] Based on the statutory procedures for notification, certification, and petition, the court is without sufficient information to "determine on its own initiative whether the suit is against a federal employee acting within the scope of his employment. See Cruz v. United States, 2013 WL 5231542, at *5 (D.S.C. Sept.13, 2013) (collecting cases).