UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexis Centeno, #14146-055, ) | C/A No. 4:16-1482-BHH-TER |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| Mr. J. Meeks, Warden; Mrs. Simmons, Assistance) | |
| Warden; Mr. Ray Burn, Capetian; Mrs. Urrea, HSA;) | |
| Mr. Whitehurst, AHSA; Dr. Luranth, Medical Director;) | |
| Dr. Massa, Medical Doctor, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Alexis Centeno, a federal prisoner proceeding *pro se*, filed this action on May 6, 2016. An Order was entered by the court adopting and incorporating the report and recommendation of the undersigned denying summary judgment with respect to Plaintiff's Bivens claim and giving Defendants forty-five (45) days to supplement with Certification and file dispositive motions with regard to any FTCA claims. (Doc. #67).

In the complaint, Plaintiff specifically alleges that he was attacked by inmate Cabrera Manuael and suffered 1st and 2nd degree burns to his shoulders, ears, and was bitten on this 4th ring finger. (See complaint). Plaintiff alleges that as a result of the injuries, he received inadequate medical care at FCI Williamsburg which ultimately lead to his 4th ring finger being amputated.

Presently before the court is a Motion for Substitution of Party. On August 9, 2017, the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. 2679(d)(1), filed a motion for substitution of party seeking to substitute the United States as the sole defendant in this action in place of Defendants Meeks, Simmons, Rayburn, Urrea, Whitehurst, Loranth, and Massa (hereinafter "Defendants"). (Doc. #72). Defendants assert that the FTCA provides that "a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting in the negligent or wrongful acts or omissions of federal employees taken within the scope of their officer or employment" and that the two exceptions to the exclusivity provisions which are codified at 28 U.S.C. 2679(b)(2) do not apply to Plaintiff's state law causes of action. (Doc. #72 at 2). Defendants also filed a Certification of Scope of Employment asserting that with respect to allegations in the complaint, that Defendants Meeks, Simmons, Rayburn, Urrea, Whitehurst, Loranth and Massa were, at all times relevant hereto, for FTCA purposes, acting in the course of their employment for any acts or omissions that occurred as alleged in the complaint. (Doc. #71-1). Plaintiff did not file opposition to the motion for substitution.

It is ordered that pursuant to the Federal Tort Claims Act, 28 U.S.C. 2679(d)(1), the United States of America shall be substituted as the sole party defendant.

IT IS SO ORDERED.

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
September 18, 2017                        United States Magistrate Judge
Florence, South Carolina