UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexis Centeno, #14146-055, | ) C/A No. 4:16-1482-BHH-TER |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| UNITED STATES of AMERICA; Mr. J. Meeks, Warden; Mrs. Simmons, Assistance Warden; Mr. Ray Burn, Capetian; Mrs. Urrea, HSA; Mr. Whitehurst, AHSA; Dr. Luranth, Medical Director; Dr. Massa, Medical Doctor, | ) |
| Defendants. | ) |

Plaintiff Alexis Centeno, a federal prisoner proceeding *pro se*, filed this action on May 6, 2016. An Order was entered by the court adopting and incorporating the report and recommendation of the undersigned denying summary judgment with respect to Plaintiff's Bivens claim and giving Defendants forty-five (45) days to supplement with Certification and file dispositive motions with regard to any FTCA claims. (Doc. #67).

In the complaint, Plaintiff specifically alleges that he was attacked by inmate Cabrera Manuael and suffered 1st and 2nd degree burns to his shoulders, ears, and was bitten on this 4th ring finger. (See complaint). Plaintiff alleges that as a result of the injuries, he received inadequate medical care at FCI Williamsburg which ultimately

lead to his 4th ring finger being amputated.

By order filed September 18, 2017, The United States was substituted as the sole defendant in this action in place of Defendants Meeks, Simmons, Rayburn, Urrea, Whitehurst, Loranth, and Massa in accordance with 28 U.S.C. §2679(d)(1). Accordingly, the United States is the only remaining Defendant in this action, and Plaintiff's FTCA causes of action are the only remaining claims before the court.

On August 9, 2017, Defendant United States filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).[1] Because Plaintiff is proceeding pro se, he was advised on or about August 11, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for a Motion to Dismiss and the possible consequences if he failed to respond adequately. (Doc. #74). Plaintiff failed to file a response.[2]

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] It is noted that on May 10, 2017, Plaintiff filed a change of address with the court from FCI Williamsburg to the following address: c/o Marilyn Santago, 163 Kilhoffer Street, Buffalo, New York, 14211. None of the court's mailings to the new address have been returned to the Clerk of Court's office *via* United States Postal Service.

court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed to this motion for summary judgment. Plaintiff has not responded to Defendant's motion to dismiss or the court's order requiring him to respond. The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice

Respectfully Submitted,


                                                            s/Thomas E. Rogers, III
                                                            Thomas E. Rogers, III
September 18, 2017                                          United States Magistrate Judge
Florence, South Carolina

The parties' attention is directed to the important notice on the next page.