IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alexis Centeno, #14146-055, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:16-1482-BHH |
| ) | |
| United States of America; Mr. J. Meeks, ) | **ORDER** |
| Warden; Mrs. Simmons, Assistance ) | |
| Warden; Mr. Ray Burn, Capetian; Mrs. ) | |
| Urrea, HSA; Mr. Whitehurst, AHSA; Dr. ) | |
| Luranth, Medical Director; Dr. Massa, ) | |
| Medical Director, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Alexis Centeno's ("Plaintiff") pro se complaint. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review. On June 28, 2017, this Court adopted the Magistrate Judge's report and recommendation ("Report") and denied Defendants' motion for summary judgment with respect to Plaintiff's *Bivens* claim and gave Defendants 45 days to supplement with Certification and to file dispositive motions with respect to any claims under the Federal Tort Claims Act ("FTCA").

On August 9, 2017, Defendant United States[1] filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The Court issued a *Roseboro* order on August 11, 2017, in response to Defendant's motion, advising Plaintiff of the dismissal procedures and the potential consequence if he failed to respond to Defendant's motion.

---

[1] By order filed September 18, 2017, the United States was substituted as the sole Defendant in this action in accordance with 28 U.S.C. § 2679(d)(1).

Plaintiff failed to file a response.[2]

On September 18, 2017, the Magistrate Judge issued another Report, outlining the issues and recommending that the Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear

---

[2] On May 10, 2017, Plaintiff filed a change of address form with the Court updating his address from the Federal Correctional Institution in Williamsburg to a New York address. None of the Court's subsequent mailings to the New York address have been returned to the Clerk of Court via the United States Postal Service.

error.  Finding none, the Court adopts and incorporates the Report (ECF No. 80) and dismisses this action with prejudice for failure to prosecute, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

October 10, 2017
Charleston, South Carolina